UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY LEESHAWN LEWIS, | Case No. 2:19-cv-07891-JAK (SHK) |
| Plaintiff, | |
| v. | **ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE** |
| LOS ANGELES COUNTY, et al., | |
| Defendant. | |

## I.    INTRODUCTION

On June 26, 2019, Plaintiff Terry Leeshawn Lewis ("Plaintiff"), proceeding as a self-represented party, constructively filed[1] a Complaint asserting claims under 42 U.S.C. § 1983. The Complaint was filed in the District of Oregon together with an Application for Leave to Proceed in forma pauperis ("Application") and a Motion for Appointment of Counsel ("Motion").  Electronic Case Filing Numbers ("ECF Nos.") 1-3.  On September 11, 2019, the case was transferred from the District of Oregon to this District.  ECF No. 5, Transfer Order.  In Plaintiff's Application, he failed to provide a certified copy of his inmate trust fund statement

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed.  Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009).

for the prior six months.  <u>See</u> ECF No. 1, Application.  Plaintiff's Application was conditionally granted, in an Order that directed Plaintiff to file a copy of his trust account by October 16, 2019.  ECF No. 12, Order Conditionally Granting IFP Application.

On October 18, 2019, an Order issued that dismissed the Complaint with leave to amend ("ODLA").  ECF No. 14, ODLA.  The ODLA instructed that if Plaintiff elected to pursue this action he was to file an amended complaint [("First Amended Complaint" or "FAC")] within 21 days of the service date of the ODLA. That Order included the following language:

**Plaintiff is cautioned that if Plaintiff does not comply with the instructions enumerated above, the Court may recommend that this action be dismissed with or without prejudice for failure to state a claim, prosecute and/or obey Court orders under Federal Rule of Civil Procedure 41(b).**

<u>Id.</u> at 24-26 (emphasis in original).

Since the ODLA was issued, Plaintiff has filed an additional copy of his trust account and a request to submit a "supplemental complaint."  <u>See</u> ECF Nos. 15, 16.

On October 30, 2019, an Order to Show Cause ("OSC") was issued, which was set for November 18, 2019, as to why Plaintiff's request should not be denied and why this action should not be dismissed for failing to comply with orders of the Court.  ECF No. 17, OSC.  The OSC stated that Plaintiff could satisfy its terms by either filing the FAC in the manner described in Section IV of the ODLA, or by providing an explanation as to why he could not amend his Complaint in the manner described in Section IV of the ODLA [ECF No. 14, OLDA at 24-26].  <u>Id.</u> The OSC once again cautioned Plaintiff that a failure to comply with its terms would result in a recommendation that the action be dismissed, without prejudice,

for failure to prosecute and to comply with orders of the Court. <u>Id.</u> Plaintiff did not respond.

On December 5, 2019, a Final Order to Show Cause ("Final OSC") was issued. ECF No. 18, Final OSC. It directed that Plaintiff:

> either (a) advise the Court that he does not desire to pursue this action; (b) if Plaintiff does desire to pursue this action, show good cause in writing, if any exists, why Plaintiff has not timely filed with the Court his FAC, and why the Court should not recommend that this action be dismissed for failure to prosecute and failure to comply with the Court's prior Order; (c) state that he wishes to proceed in the matter based on the allegations in the original complaint; **or** (d) file a FAC.

<u>Id.</u> at 1 (emphasis added).

The Final OSC stated that Plaintiff had until December 19, 2019, to comply with its terms by choosing one of the options that was provided. <u>Id.</u> The Final OSC cautioned that if Plaintiff failed to comply with its terms, pursuant to Fed. R. Civ. P. 41(b), the Magistrate Judge would recommend that the matter be dismissed, without prejudice, for failure to prosecute or comply with orders of the Court. <u>Id.</u> at 1-2.

As of December 26, 2019, Plaintiff did not file an amended complaint, as ordered, or request an extension of time to do so. Given Plaintiff's failure to prosecute this matter diligently and to follow Court orders, this action is **DISMISSED**, without prejudice, pursuant to Fed. R. Civ. P. 41(b) and Local Rule ("L.R.") 41-1.

## II.    DISCUSSION

### A. <u>Legal Standards</u>

Fed. R. Civ. P. 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." "A Dismissal for lack of prosecution must be

supported by a showing of unreasonable delay." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986). It is well-settled, however, that a district court has the "inherent power" to dismiss an action under Rule 41(b) if a plaintiff fails to prosecute the action or comply with a court order. Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962) (citation omitted); Henderson, 779 F.2d at 1425. Similarly, the Local Rules permit the dismissal of a civil action "which ha[s] been pending for an unreasonable period of time without any action." L.R. 41-1.

The following factors are considered in determining whether an action should be dismissed for failure to prosecute or to comply with a Court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Henderson, 779 F.2d at 1423 (citing Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984)).

B. Analysis

Four of the five Henderson factors weigh in favor of dismissal. The first two -- the public's interest in expeditious resolution of litigation and the Court's need to manage its docket -- weigh in favor of dismissal. Plaintiff's failure to file an amended complaint as ordered precluded the presentation of the claims in an appropriate manner. His failure to comply with clear orders of the Court had a similar effect, in that it showed an inability to pursue the action in a manner that would serve judicial and party efficiency. Plaintiff was provided with many opportunities, and a substantial period of time, in which he could have either filed an amended complaint or stated an intention to do so. Plaintiff failed to do so. Accordingly, litigation of this matter, and the need for the Court to manage its docket, have been unnecessarily and unreasonably delayed.

The third factor -- prejudice to Defendants – also weighs slightly in favor of dismissal. In general, there is a rebuttable presumption of injury to a defendant

4

when a plaintiff unreasonably delays the prosecution of an action. In re Eisen, 31 F.3d 1447, 1453 (9th Cir. 1994). This can arise because the need to gather and preserve evidence is unknown, and the memory of relevant witnesses may fade or these witnesses may become unavailable. Although Defendants have not yet been served because the Complaint was dismissed at the screening stage, assuming that a viable amended complaint could have been filed, it would have been served on them later than necessary. Although this factor may have less weight that the first two, it still supports the dismissal of the action. Id. at 1452-53 ('[T]he failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant.'" (citation omitted)).

The fourth factor -- public policy favoring deciding cases on the merits -- ordinarily weighs against dismissal. However, it is the responsibility of a plaintiff to present claims timely and to comply with Court orders so that there can be a timely disposition on the merits. Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991). By failing to comply with prior orders, Plaintiff has impeded the resolution of the action on the merits. Therefore, this factor has limited weight. See id.

The fifth factor -- availability of less drastic sanctions -- also weighs in favor of dismissal. Less drastic measures failed to work because Plaintiff ignored the prior orders. That non-compliance required the use of more judicial resources. It is also far from clear what less drastic sanction is available and whether it would work. Plaintiff must comply with orders of the Court so his claims can be addressed. His failure to do so supports the inferences that he has elected not to do so, and that he does not wish to pursue this action in an appropriate manner. Finally, although dismissal with prejudice is warranted, this Order dismisses the action without prejudice. That approach confirms that this factor, as applied, supports dismissal.

**III. CONCLUSION**

1    For the reasons stated in this Order, this action is **DISMISSED**, without
2  prejudice.
3  **IT IS SO ORDERED.**
4
5  Dated: January 2, 2020
     _____
     JOHN A. KRONSTADT
6    United States District Judge
7  Presented by:
8
9  _____
10 HONORABLE SHASHI H. KEWALRAMANI
   United States Magistrate Judge
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28